**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
ISRAEL VASQUEZ,                   :
                                  : Civil Action No. 05-5480 (JLL)
            Petitioner,           :
                                  :
         v.                       : OPINION
                                  :
ADMINISTRATOR OF (NEW JERSEY)     :
NORTHERN STATE PRISON,            :
et al.,                           :
                                  :
            Respondents.          :
```

**APPEARANCES:**

    ISRAEL VASQUEZ, Petitioner Pro Se
    #404928 SBI# 12022C
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114

    SUSAN B. GYSS, ESQ.
    Office of the Hudson County Prosecutor
    595 Newark Avenue
    Jersey City, New Jersey 07114
    Counsel for Respondents

**LINARES**, District Judge

This matter is before the Court on Petitioner Israel Vasquez's petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

I.   PROCEDURAL BACKGROUND

In 1998, petitioner, Israel Vasquez ("Vasquez"), was indicted by a Hudson County Grand Jury on charges of murder, unlawful possession of a weapon, possession of a weapon for an unlawful purpose, and defacement of a weapon.  Trial commenced on November 4, 1999, before the Honorable Shirley A. Tolentino, J.S.C. and a jury.  On November 12, 1999, the jury convicted Vasquez of aggravated manslaughter, a lesser-included offense, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose.  On February 25, 2000, the trial court sentenced Vasquez to a term of 25 years in prison on the aggravated manslaughter and possession of a weapon for an unlawful purpose convictions.[1]  The court also mandated that Vasquez serve 85% of his sentence before parole eligibility.

On or about April 7, 2000, Vasquez filed a direct appeal from his conviction and sentence before the Superior Court of New Jersey, Appellate Division.  The Appellate Division affirmed the conviction and sentence on December 14, 2001.  The New Jersey Supreme Court denied certification on February 26, 2002.  Petitioner's counsel then filed a motion for reconsideration with the New Jersey Supreme Court from denial of certification.  The

---

[1] Vasquez also was sentenced to serve a five-year concurrent prison term on the unlawful possession of a weapon conviction.  Finally, the court sentenced petitioner to a consecutive five-year prison term for a parole violation.

New Jersey Supreme Court denied Vasquez's motion for reconsideration on July 5, 2002.

On August 22, 2003, Vasquez filed a petition for post-conviction relief ("PCR") and a motion for a new trial based on newly discovered evidence. Assigned counsel filed a supplemental brief in support of the state matters on May 17, 2004. Judge Tolentino dismissed the state PCR petition and the motion for a new trial on June 17, 2004. Vasquez appealed from these decisions. On July 8, 2005, the Appellate Division affirmed denial of the PCR petition and the motion for a new trial. On September 12, 2005, the New Jersey Supreme Court denied certification.

Vasquez filed this § 2254 petition on or about November 18, 2005. An amended petition was filed on March 14, 2006. Respondents answered the petition on July 6, 2006. Vasquez filed objections to the answer and a motion for equitable tolling on or about August 8, 2006.

## II.   STATEMENT OF CLAIMS

In his petition and amended petition, Vasquez raises the following claims in support of his application for habeas relief:

Ground One: Trial counsel was ineffective for advising Petitioner to not testify at trial.

 Ground Two: Trial counsel was ineffective for not requesting jury instructions on passion-provocation manslaughter and reckless manslaughter.

 Ground Three: Trial counsel was ineffective for not recalling Investigator Kevin Wilder to testify about his interview of Michael Aviles and for not introducing evidence of a statement Aviles made to police on June 22, 1998.

 Ground Four: The cumulative effect of trial counsel's errors deprived Petitioner of a fair trial.

 Ground Five: Petitioner's constitutional right to a jury trial was violated when the trial court found aggravating factors used to increase the sentence for aggravated manslaughter beyond the maximum authorized by the jury's verdict.

 Ground Six: Trial court failed to instruct the jury on passion-provocation manslaughter and reckless manslaughter, depriving Petitioner of due process.

 The State answered the petition asserting several affirmative defenses.  First, the State contends that the action is time-barred.  Second, the State asserts that Vasquez failed to exhaust each claim in his petition.  Finally, the State argues that Vasquez has failed to show a violation of his federal constitutional rights with his claims of ineffective assistance of counsel.

III.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

IV.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J.

5

1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that

limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[2] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001), cert. denied, 534 U.S. 959 (2001).

---

[2] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

The limitations period of § 2244(d) is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that

8

the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).³  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Here, Vasquez's judgment of conviction became final after the enactment of AEDPA.  The New Jersey Supreme Court denied reconsideration of Vasquez's petition for certification on direct appeal on July 5, 2002.  Thus, the judgment of conviction became final on or about October 6, 2002, upon expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz, 204 F.3d at 419.  Vasquez then had one year from October 6, 2002, or until October 6, 2003, to bring his federal habeas petition under § 2254.

---

³  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

This Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before October 6, 2003, because Vasquez had filed his state PCR petition on or about August 22, 2003, and it remained pending until September 12, 2005,[4] when the New Jersey Supreme Court denied certification on Vasquez's appeal from denial of post-conviction relief.  Thus, the limitations period began to run from October 6, 2002, for 321 days until Vasquez filed his state PCR petition on August 22, 2003.  At that point the limitations period was tolled until September 12, 2005, when the New Jersey Supreme Court denied certification on appeal from denial of the state PCR petition, and the limitations period began to run again.  Vasquez had only 44 days remaining on his limitations period, or until October 26, 2005, to file a timely federal habeas petition.  He did not file this petition until November 18, 2005.

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration

---

[4] The Court notes a discrepancy between the parties as to the actual date when the New Jersey Supreme Court denied certification on appeal from denial of the state PCR petition. The State contends the date to be September 12, 2005; whereas the petitioner states that it was September 7, 2005.  Giving the petitioner the benefit of all favorable inferences, as a pro se litigant, the Court will use the later of the two dates, September 12, 2005, as this would serve to extend the limitations to Vasquez's benefit.

10

of the time for seeking such review." See Johnson, 314 F.3d at 161. In Johnson, the Third Circuit, under similar circumstances, affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred. The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court. At that point, the statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the New Jersey Supreme Court denied Johnson's petition for certification, and Johnson then had the remaining 143 days in which to timely file his federal habeas petition. Johnson, 314 F.3d at 161. The Third Circuit noted that § 2244(d)(2)'s tolling provision excludes the time during which a properly-filed state PCR petition is pending, but it does not reset the date from which the one-year limitations period begins to run. Id. at 162 (*citing* Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), cert. denied, 531 U.S. 840 (2000)). Consequently, Vasquez's habeas petition is time-barred.

    However, in this case, Vasquez filed a motion for equitable tolling, stating several reasons why his late filing should be excused. Vasquez contends that his efforts to file a timely § 2254 habeas petition were thwarted by circumstances beyond his control. First, he states that he never received the petition prepared by an inmate paralegal and supposedly sent to him by

11

Vasquez's sister.[5]  Second, Vasquez states that he attempted to file a rudimentary petition on his own, but only one of the prison's photocopiers was working, and he was not able to have copies made and sent to the court for filing until November 18, 2005.  Third, he claims official misconduct, alleging that his legal documents were confiscated by prison officials when he was in detention from September 26, 2005 to October 21, 2005, which prevented him from timely asserting his habeas petition.  To support these various claims, Vasquez provides affidavits from the inmate paralegals, his sister and himself.

The Court has carefully reviewed these affidavits and the mailing slips provided by petitioner, and finds that these documents do not provide any legitimate excuse or extraordinary circumstances to warrant equitable tolling.

The Court construes Vasquez's arguments for equitable tolling as generally asserting denial of access to the courts due to circumstances beyond petitioner's control.  Denial of access to the courts may constitute a basis for equitable tolling if the prisoner can show that prison officials' conduct prevented him from timely filing his habeas petition. Maraj v. Gillis, 2005 U.S. Dist. LEXIS 86, at *6 (E.D.Pa. Jan. 4, 2005).  Also, equitable tolling may be warranted when some event effectively

---

[5]  The Court notes that the petition is plainly dated and signed by petitioner on September 8, 2005.

12

prohibited petitioner from pursuing his habeas petition.  But see Stevenson v. Palakovich, 2005 WL 1330335, at *7 (E.D.Pa. Jun. 2, 2005)(court concluded that prison's provision of a single inmate paralegal to assist inmates and the level of legal reference assistance at the prison facility did not justify equitable tolling); Washington v. Byrd, 2002 U.S. Dist. LEXIS 5010, at *24 (E.D.Pa. Mar. 22, 2002)(holding that lock-down and limited library access do not support equitable tolling).  The prisoner must proffer specific evidence to support his claim; in other words, "the petitioner [must] demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing."  Brown, 322 F.3d at 773 (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

    In his motion, Vasquez refers to several cases to support his claim that equitable tolling is warranted here.  In Miles v. Prunty, 187 F.3d 1104 (9th Cir. 1999), the Ninth Circuit held that extraordinary circumstances existed when prison officials ignored petitioner's request to draw the filing fee for his habeas petition and mail it with his petition to the district court for filing.  Id. at 1107.  In a later case, the Ninth Circuit allowed equitable tolling, finding that extraordinary circumstances beyond petitioner's control existed when the prison litigation coordinator promised petitioner's lawyer to obtain

13

petitioner's signature in time for filing, but then broke the promise, causing the petition to be filed late. Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003). This Court finds that the circumstances in Stillman and Miles are distinguishable from this case to prohibit equitable tolling.

In Miles, the petitioner had timely delivered his petition to prison officials for mailing, but the prison officials waited until after the deadline had expired before preparing a check for the filing fee. Thus, once Miles made his request to prison officials to mail his petition, any delay on their part in complying with petitioner's instructions for mailing was not within petitioner's control. 187 F.3d at 1107. Here, in contrast, there is no dispute that the petition filed on November 18, 2005 was delivered to prison officials for mailing after the limitations period had expired.

In Stillman, the court found that, according to Stillman's uncontradicted evidence, the prison litigation coordinator had promised Stillman's lawyer that he would bring the prepared petition to Stillman for his signature as soon as it arrived and return it to the lawyer immediately so that it could be timely filed. The litigation coordinator's failure to return the signed petition to Stillman's lawyer as promised was an extraordinary circumstance beyond petitioner's control. 319 F.3d at 1202-03. In the instant case, there was no promise or interference by a

14

prison official to mail Vasquez's signed petition to his lawyer for filing. Vasquez is proceeding pro se. The inmate paralegal who petitioner chose to prepare his habeas petition, Kenworth Laurier, is not a lawyer, and thus, there was no legitimate reliance by Vasquez on the inmate paralegal to file his petition. Moreover, Vasquez knew that inmate-to-inmate correspondence is prohibited, and therefore, did not and could not reasonably rely on prison officials to mail his petition to Mr. Laurier. Instead, Vasquez chose to have his sister relay and facilitate communications with Mr. Laurier. Consequently, this Court finds no extraordinary circumstances to exist because there was no official misconduct on the part of any prison official in mailing Vasquez's petition, and there is no evidence to show that petitioner had a reasonable and legitimate expectation, based on a representation or promise by a prison official, that his petition would be mailed to the inmate paralegal for preparation and filing.

More significantly, however, the Court finds that petitioner's signature on his petition dated September 8, 2005, militates against granting equitable tolling for several reasons. First, if this petition was the one prepared by the inmate paralegal, Kenworth Laurier, (who notably never provided an affidavit as to the dates he sent the petition to Vasquez's sister, and then on to the Court), then it belies the allegation

15

that Vasquez never received the petition. Second, if this petition was the version that Vasquez prepared himself, then there was ample time for him to have the petition filed before his placement in the detention unit on September 26, 2005.[6] Rather, it appears that, in hindsight, knowing that his petition was untimely filed, Vasquez is attempting to manipulate certain hodgepodge allegations to fit the scenarios in Stillman and Miles, so as to justify equitable tolling. As illustrated above,

---

[6] In Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000), the Second Circuit held that the "intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law." The Third Circuit addressed this issue in Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003), noting the factors relevant to an equitable tolling analysis: (1) how long petitioner was deprived of his papers; (2) whether the petitioner was in the process of drafting the petition before the papers were confiscated; (3) whether the petitioner relied on the papers in preparing his petition; and (4) whether the petitioner sought to file a timely petition in spite of the deprivation and then clarify it once the materials were recovered. Robinson, 313 F.3d at 142-43. The court concluded in Robinson, that petitioner failed to carry his burden to allow equitable tolling. Id. at 143.

Here, this Court likewise finds that Vasquez does not meet his burden with respect to equitable tolling. The petition was completed and signed on September 8, 2005, almost three weeks before Vasquez was placed in detention and his legal papers allegedly confiscated. There are no allegations of official misconduct or other interferences between September 8, 2005 and September 26, 2005, when Vasquez was placed in detention. Further, the initial, bare-bones petition was filed "as is" belatedly on November 18, 2005; thus, there is no argument that petitioner needed or was waiting on confiscated legal papers to complete his petition between September 8, 2005 and November 18, 2005. Indeed, the amended petition was not filed until more than three months later in March 2006.

these cases are not applicable to the factual circumstances in this matter.  Therefore, Vasquez cannot show extraordinary circumstances to warrant equitable tolling.

Finally, Vasquez's allegations that he was prevented from timely filing his petition due to prison conditions, *i.e.*, the limitation of one inmate paralegal and a broken photocopier, and his confinement and loss of legal materials while in detention from September 26, 2005 to October 21, 2005, do not show the rare and extraordinary circumstances necessary to justify equitable tolling.  See this Opinion, supra, at pp. 12-16 and n.6.  At best, it would appear that Vasquez miscalculated the time remaining on his one-year limitations period, within which he had to file his habeas petition.  Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244.  Moreover, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.  Accordingly, because Vasquez fails to demonstrate any extraordinary circumstances that would permit the equitable

tolling of the one-year statute of limitations, his habeas petition must be dismissed accordingly as time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d); and the Court will deny petitioner's motion for equitable tolling and dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.


                                         /s/ Jose L. Linares
                                         United State District Judge

Dated: January 30, 2007